FILED

UNITED STATES DISTRICT COURT 2012 FEB 21 PM 1: 41

MIDDLE DISTRICT OF FLORIDA CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JACKSONVILLE DIVISION

| | |
|---|---|
| THERESA COPLEN )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CENTRAL CREDIT SERVICES, INC. )<br>Defendant, )<br>)<br>) | Civil Action No.<br>3: 12-CV-179-J- 34JRK |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Theresa Coplen, an individual consumer, against Defendant, Central Credit Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. *PARTIES*

3. Plaintiff, Theresa Coplen, is a natural person with a permanent residence in Wolbach, Greeley County, Nebraska 68882.

4. Upon information and belief the Defendant, Central Credit Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several

1

other states, with its principal place of business located at 9550 Regency Square Blvd. Suite 602, Jacksonville, Duval County , Florida 32225. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    *FACTUAL ALLEGATIONS*

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that Defendant was going to take her house.

8. Defendant has no standing to commence seizure proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

10. The representations made to Plaintiff by Defendant regarding seizure were false.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, spoke to Plaintiff in an abusive and unruly manner.

12. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

13. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## V.   *CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692d(3)* of the FDCPA by publishing the name of the Plaintiff on a list of consumers who allegedly refuse to pay debts and it was not to a consumer reporting agency or persons meeting the requirements of section 603(f) or 604(a)(3) of this Act; and

> (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

> (d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property of any person when such action is unlawful and the Defendant does not intend to take such action; and

> (e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

> (f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

> (g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Theresa Coplen, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, Central Credit Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI.   **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Theresa Coplen, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

Steven A. Alpert
Price Law Group, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Phone: (818) 205-2444
Fax: (818) 380-7644
Attorney for Plaintiff
FBN: 0691321